UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE VELASCO,<br><br>    Plaintiff,<br><br>v.<br><br>DAN ELLIOT,<br><br>    Defendant. | Case No.18-cv-03191-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 14 |

Plaintiff Jose Velasco filed this action on May 29, 2018, suing defendant Dan Elliott individually and d/b/a Dan Elliott's Roofing Company. Dkt. No. 1. Mr. Velasco filed a First Amended Complaint ("FAC") as of right on June 5, 2018, asserting the following claims: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), 255(a); (2) failure to pay overtime wages in violation of California Labor Code §§ 510, 1194, and 1197; (3) failure to pay minimum wage in violation of California Labor Code §§ 1182.12, 1194.2 and Wage Order §4-2001; (4) failure to provide accurate wage stubs and record keeping in violation of California Labor Code § 226; (5) waiting time penalties for failure to pay overtime wages under California Labor Code § 203; and (6) unfair business practices under California Business and Professions Code §17200 et seq. *Id.* ¶¶ 24-57. Mr. Velasco appears to assert that the Court has federal question jurisdiction over the FLSA claim and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). *See id.* ¶¶ 1, 3, 24-31.

Mr. Elliott now moves to dismiss the FAC on the grounds that this Court lacks subject matter jurisdiction over Mr. Velasco's FLSA claim, and that Mr. Velasco fails to state a claim for violation of either the FLSA or California state law. Dkt. No. 14.

1   All parties have consented to magistrate judge jurisdiction.[1]  Dkt. Nos. 12, 23.  Having
2   considered the parties' moving papers and arguments at the September 25, 2018 hearing[2] on the
3   matter, the Court grants in part and denies in part the motion to dismiss with leave to amend.

## I. BACKGROUND

According to the FAC, Mr. Velasco worked for Mr. Elliott's roofing company for some period of time as a roofer.  Dkt. No. 1 ¶ 11.  Mr. Velasco alleges that Mr. Elliott failed to properly record the hours that he worked and provided him with paystubs listing an incorrect number of regular and overtime hours worked.  *Id.* ¶¶ 12, 14.  Mr. Velasco also says that he worked from approximately 8:00 a.m. to sometime between 4:00 p.m. and 6:00 p.m. on weekdays, and that he worked for six hours two Saturdays a month.  *Id.* ¶¶ 19, 20.  On that basis, Mr. Velasco says, he worked on average five hours per week of overtime.  *Id.* ¶ 21.  Mr. Elliott fired Mr. Velasco in December 2016.  *Id.* ¶ 23.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate—those involving diversity of citizenship or a federal question, or those to which the United States is a party.  *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015).  The Court has a continuing obligation to ensure that it has subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the

---

[1] The FAC contains three paragraphs referencing as defendants Fidelity National Title Group, Inc. and Does 1-10 "engaged in the business of processing escrow for their clients in Northern California particularity [sic] in Santa Clara County." *Id.* ¶¶ 8-10.  These paragraphs appear to be included in error, and the Court understands that Mr. Velasco is not suing Fidelity National Title Group, Inc. or any Doe defendants.

[2] Plaintiff's counsel did not appear at the hearing.  Dkt. No. 26.

Federal Rules of Civil Procedure. The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). The Supreme Court has determined that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83.

**B.     Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes

3

them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While leave to amend generally is granted liberally, the Court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1197 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)).

### III. DISCUSSION

Mr. Elliott moves for dismissal on two primary grounds: (1) the Court lacks subject matter jurisdiction because Mr. Elliott's company is not an employer subject to the FLSA; and (2) Mr. Velasco has not stated a claim for relief under the FLSA or under California state law.

#### A. Subject Matter Jurisdiction

The FLSA's overtime provisions apply to any employee who "is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207. The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." *Id.* § 203(b). An "enterprise engaged in commerce or in the production of goods for commerce" is defined as an enterprise that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) whose annual business done is not less than $500,000. *Id.* § 203(s)(1)(A)(i)-(ii).

An employer is subject to the FLSA's overtime provisions if the employee can establish liability under an "individual coverage" theory or an "enterprise coverage" theory. *Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997, 1002 (N.D. Cal. 2015). For "individual coverage" to apply, an

1 employee must have been (1) engaged in commerce, or (2) engaged in the production of goods for

2 commerce. *Id.* at 1003 (quoting 29 U.S.C. § 207(a)). For "enterprise coverage" to apply, the

3 enterprise must meet the definition of "enterprise engaged in commerce or in the production of

4 goods for commerce." *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)(i)-(ii)).

5       Mr. Elliott raises both facial and factual challenges to this Court's subject matter

6 jurisdiction. *See* Dkt. No. 25 at 1. First, Mr. Elliott argues that the FAC fails to plead facts to

7 support subject matter jurisdiction. Dkt. No. 14 at 1. He says that the sole paragraph under the

8 FAC's heading, "Subject Matter Jurisdiction and Venue" does not, in fact, address subject matter

9 jurisdiction, and instead merely states: "This Court is a proper venue, since all events giving rise

10 to this lawsuit have occurred in Santa Clara County[.]" Dkt. No. 7 ¶ 3. Second, Mr. Elliott argues

11 that his company is not subject to the provisions of the FLSA because it is not an "enterprise

12 engaged in commerce or in the production of goods for commerce" as defined in the FLSA. Dkt.

13 No. 14 at 2–8. He provides a sworn declaration stating that he only operates in California and that

14 he purchases (and his employees use) supplies only from local California retailers. Dkt. No. 15 ¶¶

15 2-3, 6-7. Therefore, Mr. Elliott contends, Mr. Velasco cannot allege FLSA liability under either

16 an individual or enterprise coverage theory, and without the FLSA claim to provide federal

17 question jurisdiction, the Court cannot exercise supplemental jurisdiction over Mr. Velasco's state

18 law claims. Dkt. No. 14 at 7–8.

19       Mr. Velasco responds that dismissal under Rule 12(b)(1) might be appropriate for a case

20 involving individual coverage, but it is not appropriate for a case involving enterprise coverage.

21 He points to cases holding that the FLSA's "enterprise" requirements are definitional and not

22 jurisdictional. Dkt. No. 18 at 4. Nevertheless, he asks for leave to amend his complaint to plead

23 allegations under an enterprise coverage theory. *Id.* at 6.

24       Judges in this district have repeatedly held that whether a defendant qualifies as an

25 "enterprise" or "employer" under the FLSA is definitional and merits-based, not jurisdictional

26 under the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). *See Jiang*

27 *v. Lee's Happy House*, No. C 07-03606 RS, 2007 WL 3105087, at *2–3 (N.D. Cal. Oct. 23, 2007);

28 *Vega v. Peninsula Household Servs., Inc.*, No. C-08-03815 JCS, 2009 WL 656291, at *3 (N.D.

Cal. Mar. 12, 2009); *Diaz v. Ming & Kent, Inc.*, No. C 09-05774 RS, 2010 WL 890040, at *2–3 (N.D. Cal. Mar. 8, 2010); *Serrano v. Marshal Sunshine, Inc.*, No. 6:13-cv-1977-AA, 2015 WL 1176535, at *2–3 (D. Or. Mar. 10, 2015); *Lowenthal v. Quicklegal, Inc.*, No. 16-cv-03237-LB, 2016 WL 5462499, at *3–5 (N.D. Cal. Sept. 28, 2016); *Morfin-Arias v. Knowles*, No. 16-cv-06114-BLF, 2018 WL 1710369, at *4–6 (N.D. Cal. April 9, 2018). The Court finds these cases more persuasive than the out-of-circuit summary judgment decisions on which Mr. Elliott relies.

Nothing in sections 203 or 207 indicates that Congress intended the statutory requirement of an "enterprise engaged in commerce or in the production of goods for commerce" to be a jurisdictional threshold. *See Arbaugh*, 546 U.S. at 511–16 ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."); *see also* 29 U.S.C. § 255(a) (providing two-year statute of limitations but remaining silent on FLSA definitional requirements). As the *Jiang* court aptly stated, "[i]t may very well be that to *prevail* on his FLSA claim, [plaintiff] will have to plead and prove [that defendant] falls within [Section 203(s)(1)'s] provisions, but the Court has jurisdiction to hear the claim, whether or not [plaintiff] ultimately can prevail." *Jiang*, 2007 WL 3105087, at *3 (emphasis original). The Court, therefore, need not consider Mr. Elliott's declaration to satisfy itself on the question of subject matter jurisdiction.

Mr. Elliott relies on *Yan v. General Pot, Inc.*, 78 F. Supp. 3d 997 (N.D. Cal. 2015), and *Oseguera v. Longhua Zhu*, No. 17-cv-03252-PJH, 2018 WL 11844849 (N.D. Cal. Mar. 7, 2018) for the proposition that a Rule 12(b)(1) dismissal is warranted here. However, the parties in *Yan* and *Oseguera* do not appear to have raised the issue of whether the FLSA's definitional provisions were jurisdictional or merely definitional, and consequently those cases are not helpful to the Court's decision in this case. *See Morfin-Arias*, 2018 WL 1710369, at *6 (distinguishing *Yan*).

Because Mr. Velasco's action before this Court is premised on federal question jurisdiction, a dismissal of all claims under Rule 12(b)(1) would only be warranted "where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83. Mr. Elliott does not suggest and the Court does not find

the FAC to be "immaterial and made solely for the purpose of obtaining [federal court] jurisdiction," or "wholly insubstantial or frivolous." The Court therefore denies Mr. Elliott's Rule 12(b)(1) motion. This Court has subject matter jurisdiction over Mr. Velasco's FLSA claim and supplemental jurisdiction over his state law claims.

**B.     Failure to State a Claim Under Rule 12(b)(6)**

**1.     Claim 1: FLSA overtime and minimum wage violations**

A plaintiff asserting a violation of the FLSA overtime provisions "must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014), *as amended* (Jan. 26, 2015). The complaint must allege facts from which the inference can be made that there existed a given week in which the plaintiff was entitled to but denied overtime wages. *Id.* A plaintiff need not allege the amount of overtime compensation owed "with mathematical precision," but "should be able to allege facts demonstrating there was at least one workweek in which [he] worked in excess of forty hours and [was] not paid overtime wages." *Id.* at 646. The *Landers* standard applies to FLSA minimum wage violations as well. *See id.*

As Mr. Velasco concedes, his FAC is "short on detail." Dkt. No. 18 at 7. The FAC states that defendants terminated Mr. Velasco's employment on December 16, 2016; it does not state when Mr. Velasco began working for the Dan Elliott Roofing Company, although it implies that Mr. Velasco worked there for at least one month. Dkt. No. 7 ¶¶ 11, 20. The FAC alleges that during the workweek, Monday through Friday, Mr. Velasco "usually checked into work at approximately 8:00 am [at] the Defendant's yard and returned or ended his work day at between 4:00 and 6:00 pm." *Id.* ¶ 19. Mr. Velasco further alleges that "on average [he] worked for six hours two Saturdays a month" and on that basis, alleges that he "estimates he worked on average five hours a week of overtime." *Id.* ¶¶ 20-21. Finally, he pleads that "Defendants routinely required and/or suffered or permitted Plaintiff and his coworkers who are opt-in consenters to work more than 40 hours per week without paying all of their wages for such overtime work." *Id.* ¶ 27.

7

These allegations do not create the plausible inference that there was at least one workweek in which Mr. Velasco worked over forty hours and was not paid overtime wages. The allegations do not indicate what hours between 8:00 a.m. and 6:00 p.m. are considered hours of work for which Mr. Velasco might be owed compensation and what hours would be unpaid time attributed to, for example, lunch or breaks. *Bush v. Vaco Tech. Servs., LLC*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) (finding plaintiff's claims lacked "facts regarding what period of time or type of conduct she is counting as hours worked") (internal quotations omitted). Even if Mr. Velasco worked from 8:00 a.m. to 4:00 p.m. without pause from Monday through Friday of a given week (amounting to 40 hours), his allegations of having worked "on average . . . for six hours two Saturdays a month" are insufficient to allege that he worked for an additional six hours on the Saturday of that same week. *Id.* (finding plaintiff's "bare assertion that she 'regularly' worked more than the statutory requirement is conclusory and insufficient" under *Landers*).

Additionally, Mr. Velasco does not plead facts sufficient to support his estimate of an "average [of] five hours a week of overtime." While it is possible to infer that Mr. Velasco worked over forty hours in a workweek, "a possibility is not the same as plausibility." *Landers*, 771 F.3d at 646. His conclusory pleading concerning when he "usually" arrived at and returned to defendants' yard, his hours "on average" working on Saturdays, and his estimate of five hours per week of overtime "on average" are insufficient, without more, to state a claim. *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007–08 (N.D Cal. 2016) ("*Landers* clarifies that mere conclusory allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week—without any further detail—fall short of *Twombly/Iqbal*."); *Bravo v. On Delivery Servs., LLC*, No. 18-cv-01913-EMC, 2018 WL 2387835, at *2 (N.D. Cal. May 25, 2018) ("*Landers* establishes that the invocation of a term such as 'regularly,' 'typically,' and 'frequently' is not enough *by itself* to establish the plausibility of a claim.") (emphasis original). Mr. Velasco does not state a claim under the FLSA.

Mr. Elliott also argues that Mr. Velasco's FLSA claim should be dismissed because he has not pled—or cannot plead—that Dan Elliott Roofing engages in interstate commerce as required

8

by the FLSA, because it does business only within California and purchases all of its supplies from local retailers in California. Dkt. No. 14 at 8–10. Mr. Elliot contends that 29 U.S.C. § 207(a)(1) requires Mr. Velasco to plead that Dan Elliott Roofing performs roofing jobs for or purchases supplies from someone outside of California.

That interpretation is incorrect. Mr. Elliott cites to 29 C.F.R. § 776.9, which concerns only the general scope of "in commerce" coverage under the FLSA. *Donovan v. Scoles*, 652 F.2d 16 (9th Cir. 1981) expressly rejects the idea that a company engaging only in intrastate activities is exempt from the FLSA:

> The clear language of this amendment indicates that even a business engaged in purely intrastate activities can no longer claim exemption from FLSA coverage if the goods its employees handle have moved in interstate commerce. . . . The language imposes no requirement that the goods have a present involvement in interstate commerce when they are handled or sold. Instead it broadens coverage to include all employees within the stream of commerce of such goods, even if their own participation remains purely intrastate. The question of whether the goods have come to rest in transit has no relevance in this analysis.

*Id.* at 18–19 (internal citations omitted). As the Ninth Circuit explained, 29 C.F.R. § 779.242, which addresses goods that "have been moved in" commerce, expressly rejected the "coming to rest" doctrine that would otherwise exempt a purely local business from the FLSA. *Id.* at 19. Section 779.242 states that "employees will be considered to be 'handling, selling, or otherwise working on goods that have been moved in commerce' where they are engaged in the described activities on 'goods' that have moved across State lines at any time in the course of business, such as from the manufacturer to the distributor, or to the 'enterprise' . . . ." Mr. Elliott does not address *Donovan* or 29 C.F.R. § 779.242, which clearly control here.

Although Mr. Velasco is not required to plead that Dan Elliott Roofing performs roofing jobs for or purchases supplies from someone outside of California in order to state a claim for an FLSA violation, he must still plead facts of some kind from which it can be inferred that Dan Elliott Roofing engaged in interstate commerce within the meaning of the statute. Mr. Velasco has not done so, and his claim must be dismissed.

9

### 2. Claims 2-6: California overtime, minimum wage, wage stubs/recordkeeping violations, waiting time penalties, and unfair business practice

Courts in this district have applied the *Landers* pleading standard for FLSA violations to similar California state law claims for overtime and minimum wage violations. *Bush*, 2018 WL 2047807, at *7–9; *Tan*, 1171 F. Supp. 3d at 1006–08; *Bravo*, 2018 WL 2387835, at *1–2; *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016). Consequently, for the same reasons the FAC fails to state a claim for an FLSA overtime and minimum wage provision violation, it also fails to state a claim for Mr. Velasco's claims for California overtime and minimum wage law violations.

Because Mr. Velasco's fifth and sixth claims for waiting time penalties and unfair business practices are derivative of his overtime and minimum wage claims, he has also failed to state a claim for those violations. *Bush*, 2018 WL 2047807, at *10–11; *Tan*, 171 F. Supp. 3d at 1010–11; *Bravo*, 2018 WL 2387835, at *3; *Haralson*, 224 F. Supp. 3d at 943.

Finally, with respect to Mr. Velasco's third claim regarding inaccurate paystubs, the FAC does not plead facts sufficient to state a plausible claim for relief under *Iqbal*/*Twombly*. The FAC contains mainly conclusory statements, including that "Defendants did not properly record all the hours worked by Plaintiff" and "[t]he paystubs would list the wrong number of regular and overtime hours worked." Dkt. No. 7 ¶¶ 12, 14. Mr. Velasco alleges that he was told that he would be paid "per piece," but the FAC does not say what this means or how it differs from what Mr. Velasco contends he was paid or should have been paid. *Id.* ¶ 15.

Because the FAC does not plead facts sufficient to state a plausible claim for a violation of California Labor Code § 226, the Court dismisses Mr. Velasco's claims for such violations.

### C. Leave to amend

Because the Court should freely grant leave to amend when justice requires, and because the Court cannot say that the deficiencies in Mr. Velasco's FAC cannot be cured by amendment or that amendment would be futile, the Court grants Mr. Velasco leave to amend. *Rivera v*, 756 F. Supp. 2d at 1197. Mr. Velasco may amend his complaint to address the deficiencies described in this order, including:

(1) Plead specific facts to support his claim for overtime, minimum wage, and inaccurate pay stub violations, including but not limited to:
   a. Facts concerning the period of time during which he was employed by Mr. Elliott;
   b. Facts concerning the number of hours he worked and whether he worked more than 40 hours in any given workweek;
   c. Facts concerning any "off the clock" hours worked, if any;
   d. Facts from which it can be inferred that Dan Elliott Roofing constituted an "enterprise engaged in commerce";
   e. Facts concerning his pay rate, number of hours worked, and any inaccuracies in the pay stubs he received;

(2) Correct the typographical errors present in the FAC; and

(3) Remove the erroneous references to "Does One Through Ten" and "Fidelity National Title Group, Inc." in paragraphs 8-10 of the FAC.

Mr. Velasco may not amend his complaint to add new claims or parties, unless he first seeks and is granted leave of Court to do so. Fed. R. Civ. P. 15(a)(2).

## IV. CONCLUSION

For the foregoing reasons, the Court denies Mr. Elliott's motion to dismiss under Rule 12(b)(1), and grants his motion to dismiss under Rule 12(b)(6) with leave to amend. Mr. Velasco may file an amended complaint, consistent with the terms of this order, no later than **December 4, 2018**.

**IT IS SO ORDERED.**

Dated: November 20, 2018

_Virginia K. DeMarchi_
VIRGINIA K. DEMARCHI
United States Magistrate Judge

11